PHILIP ALAN AND KAYLEEN MAE BOICE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Boice v. Commissioner
Docket No. 7174-91
United States Tax Court
T.C. Memo 1993-498; 1993 Tax Ct. Memo LEXIS 510; 66 T.C.M. (CCH) 1166; October 28, 1993, Filed *510 Decision will be entered under Rule 155. Philip Alan Boice, pro se. For respondent: Michael Lloyd. PETERSON
PETERSON
MEMORANDUM OPINION PETERSON, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioners' Federal income tax for their taxable year 1987 in the amount of $ 956. After a concession by petitioners, the sole issue for decision is whether petitioners are entitled to claimed deductions for expenses petitioner Philip Alan Boice incurred while traveling between his personal residence and various locations in the Black Hills National Forest. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioners resided in Spearfish, South Dakota, at the time their petition was filed. During the year in issue petitioner Philip Alan Boice (Mr. Boice) worked as a professional "faller" *511 or "cutter" (an individual whose occupation is to cut down trees) in and around the Black Hills National Forest (Black Hills). Mr. Boice was a subcontractor cutter during the year in issue, which means that he worked for contractors who owned the right to remove timber from certain parcels of land, colloquially referred to in the industry as "sales". During the year in issue Mr. Boice worked as a cutter on eight different sales, for three different contractors. Within each different sale, Mr. Boice cut trees in many different locations. Mr. Boice was paid by the contractors based on either the tonnage of trees he cleared or the length (per thousand-board feet) of trees he felled. The distance from Mr. Boice's home to the various cutting sites he worked at within the Black Hills during the year in issue ranged from 15 to 70 miles each way. In rendering his services, Mr. Boice furnished his own truck, fuel, and trade tools. Mr. Boice's trade tools included a fire shovel, safety chaps, gasoline jugs, a tool belt, a safety helmet, wedging axe, various shovels, tire chains, a hammer, motor oil, three chain saws, a saw repair tool box, jumper cables, various small tools, funnels, *512 and a hydraulic jack. Mr. Boice carried most of his trade tools with him in his truck when he went to his cutting sites, but he maintained a workshop adjacent to his home where he stored, maintained and repaired his equipment. Mr. Boice spent approximately 3 hours per week in his workshop, and his workshop premises were absolutely essential to his business. Mr. Boice could not have maintained or repaired his cutting equipment without the use of his workshop. Mr. Boice has been a professional cutter since 1973, and has a fine reputation in his field. During the year in issue he received work from contractors who called him at home, or from contractors he phoned from his home after seeing notices posted at a saw shop, or through word of mouth contacts. Mr. Boice also maintained a logo advertising his services on the bug screen of his truck. On the Schedule C attached to their Federal income tax return filed for the year in issue, petitioners claimed a deduction in the amount of $ 5,149 for travel incurred by Mr. Boice in his trade or business as a cutter. Respondent disallowed $ 3,173 of the claimed deduction on the ground that that portion of the travel expense was incurred *513 for Mr. Boice's travel back and forth between petitioners' personal residence and the various cutting sites he worked at in the Black Hills during the year in issue, and therefore constituted nondeductible commuting expenses. Petitioners contend they are entitled to deduct the full amount of their reported travel expenses because they constitute ordinary and necessary business expenses incurred by Mr. Boice in carrying on his trade or business as a cutter. Deductions are a matter of legislative grace and petitioners bear the burden of proving their entitlement to their claimed deduction in issue. . Based on the facts of this case we agree with petitioners. It is well established that expenses incurred in commuting between a personal residence and a place of business are generally nondeductible personal expenses. . However, if a taxpayer's home is his principal place of business, a deduction is permitted for the cost of travel between the home and other business locations, including the taxpayer's first job *514 site. ; see , affd. without published opinion . As a test for determining the deductibility of such travel, we look to see whether the taxpayer's use of his home "is so central to his business that trips from his home to his other places of business are in the nature of normal and deductible business travel". (fn. ref. omitted); . We have previously examined the precise issue in this case on facts essentially indistinguishable from this case. In Walker the taxpayer also was a cutter subcontractor who worked in the Black Hills and traveled back and forth on a daily basis from his personal residence to various locations in the Black Hills to cut timber; also required use of a truck and carried with him in his *515 truck the tools of his trade; also maintained a workshop adjacent to his home where he stored, maintained, and repaired his working equipment; and also obtained cutting assignments using his home as his base of operation. Based on the record in Walker we concluded that the taxpayer's workshop and surrounding premises (i.e., his personal residence) comprised his principal place of business, and allowed the taxpayer to deduct the expenses he incurred for traveling between his personal residence and his cutting sites in the Black Hills. We reached this conclusion after finding that the taxpayer used the workshop and surrounding premises to perform "every business function necessary to his business of cutting timber except for the actual cutting of the trees", and that the "workshop was absolutely essential to his business". . In making this finding, we compared the importance of any of the many locations on which the taxpayer cut timber with the significance of his workshop where he performed all of the other necessary functions of his business besides actual cutting. See also , *516 affd. without published opinion . After due consideration we find that there are no essential facts in the instant case distinguishable from those presented in Walker, and no legal arguments presented by respondent in the instant case which were not addressed and rejected in Walker. On the basis of our reasoning in , we conclude that during the year in issue, Mr. Boice's principal place of business for his trade or business as a cutter was his workshop and surrounding premises (i.e., his personal residence), and hold that petitioners are entitled to deduct the full amount of their claimed expenses for Mr. Boice's business travel during the year in issue. To reflect petitioners' concession, Decision will be entered under Rule 155.